**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 27, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CEDRIC GREENE,

     Plaintiff - Appellant,

v.

UNITED STATES POSTAL
SERVICE,

     Defendant - Appellee.

No. 19-1305
(D.C. No. 1:19-CV-01495-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **MCKAY**, and **BACHARACH**, Circuit Judges.
_____

This appeal was brought by Mr. Cedric Greene. Mr. Greene alleges

that his wife sent two birthday cards to their five-year-old grandson and

someone tampered with the mail. One of the birthday cards had $50 inside,

and the birthday card allegedly had no money inside when the grandson

opened it. Mr. Greene's wife sued in another jurisdiction. When that suit

---

[*]    Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the appellate briefs and the record
on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

failed, Mr. Greene brought his own suit in the District of Colorado. The district court dismissed this suit, concluding that (1) Mr. Greene lacked standing and (2) venue did not exist in the District of Colorado. We affirm.

*Standing*. Mr. Greene claims that other family members are unable to sue, and of course the grandson can't sue on his own. But federal courts are restrained by the Constitution in what they can do. One of these constraints is standing. To establish standing, people suing in federal court must show, among other things, that they have "suffered a concrete and particularized injury." *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013).

Mr. Greene alleges that his wife had sent the card to his grandson; there are no allegations that Mr. Greene himself was involved in the underlying events. Under the law, Mr. Greene lacked standing because he hadn't suffered a concrete and particularized injury.

Of course, we might appropriately infer that Mr. Greene bears affection for his grandson and feels injured by the fact that his grandson never received the $50 inside the birthday card. Despite that affection, Mr. Greene has not personally suffered a concrete, particularized injury. He thus lacks standing, and the Constitution required the district court to dismiss a claim brought by Mr. Greene on his own behalf. The dismissal was thus correct.

*Motions for appointment of counsel in district court*. In the appeal, however, Mr. Greene suggests that he might have simply been trying to

2

enlist an attorney willing to take the case on behalf of the grandson (rather than on behalf of Mr. Greene himself). In district court, Mr. Greene filed two motions for appointment of counsel. In both motions, he identified his grandson as the victim and acknowledged his own "conflict of interest" in advocating for his grandson.[1] Through these motions, Mr. Greene invoked the District of Colorado's procedure for pro bono representation in civil cases (Civil Pro Bono Representation Rule 15). The district court never ruled on these motions; the court instead deemed the motions moot with dismissal of the action.

Because Mr. Greene is pro se, we liberally construe his opening brief to challenge the district court's decision to deem these motions moot (rather than invoke the local procedure and appoint an attorney for Mr. Greene). *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam) (liberal construction of pro se filings). Courts cannot compel attorneys to take civil cases; courts can only "request" an attorney to represent someone. 28 U.S.C. § 1915(e)(1); *Rachel v. Troutt*, 820 F.3d 390, 396–97 (10th Cir. 2016).

---

[1] As the district court noted, another obstacle was the fact that Mr. Greene isn't a lawyer and can't represent others. *See Greene v. U.S. Postal Serv.*, 745 F. App'x 299, 300 (10th Cir. 2018) (unpublished); *Greene v. U.S. Postal Serv.*, C19-0129-JCC,2019 WL 859134, at *1 (W.D. Wash. 2019), *appeal dismissed*, No. 19-35214 (9th Cir. Sept. 17, 2019) (unpublished).

3

In most legal communities, only a limited number of attorneys are willing to take these cases. Thus, the district court had to decide how to maximize the benefit from these local resources.

The district court could reasonably doubt that a local attorney would accept a request to represent Mr. Greene in this case. Presumably the district court would request an attorney from Colorado. But Mr. Greene lives in Los Angeles. Representing a California resident could be expensive for a Colorado lawyer to fund on his or her own.[2]

Apart from the expense, an attorney would presumably question the viability of pursuing the suit in Colorado. The district court concluded that Colorado does not bear any connection to the underlying events, and Mr. Greene hasn't questioned that conclusion.

He points instead to practical difficulties in pursuing the action elsewhere, such as in Washington (where the grandson lives).[3] But again courts are limited in where they can act. This limitation involves venue,

---

[2]    Under the District of Colorado's procedure, a local bar group provides limited funding (initially capped at $3000 per case). *See United States District Court's Civil Pro Bono Panel Program, USDC_Civil_Pro_Bono_2019.pdf* (last checked Nov. 13, 2019).

[3]    One additional practical problem is that the Western District of Washington previously dismissed another suit by Mr. Greene against the Postal Service for tampering with his grandson's birthday cards. *Greene v. U.S. Postal Serv.*, 2019 WL 859134 (W.D. Wash. 2019). The Ninth Circuit later dismissed the appeal. *Greene v. U.S. Postal Serv.*, No. 19-35214 (9th Cir. Sept. 17, 2019) (unpublished).

which refers to the place where a suit can be brought. 28 U.S.C. § 1391(b). A suit can be brought where any defendant resides or where a substantial part of the underlying events took place. *Id.*[4] Apparently none of the underlying events involved the State of Colorado. Thus, we've upheld another dismissal based in part on a lack of venue in the District of Colorado for a similar suit by Mr. Greene on behalf of his grandson. *See Greene v. U.S. Postal Serv.*, 745 F. App'x 299, 300 (10th Cir. 2018) (unpublished). In these circumstances, the district court could reasonably have decided that

- no one would probably take the case or, if someone did,

- taking this case might eliminate that attorney's availability in another case for an indigent litigant.

Given these circumstances, we conclude that the district court did not err in declining to rule on the motions for appointment of counsel.

*In forma pauperis*. Finally, we note that Mr. Greene has requested leave to proceed in forma pauperis. Though we affirm the dismissal, we believe that Mr. Greene is entitled to proceed in forma pauperis. He does not have enough money to pay the filing fee.

Though we've previously dismissed a virtually identical suit, *Greene v. U.S. Postal Serv.*, 745 F. App'x 299 (10th Cir. 2018) (unpublished), we

---

[4] An exception exists when venue wouldn't exist anywhere. 28 U.S.C. § 1391(b)(3). But that exception doesn't exist here.

5

recognize that Mr. Greene is pro se and may have misunderstood the obstacles that prevented his suit from proceeding in the District of Colorado. We thus grant leave to proceed in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge